**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

```
UNITED STATES OF AMERICA,        ) AU:19-CR-00130-DII-1
                                 )
   Plaintiff,                    )
                                 )
v.                               ) AUSTIN, TEXAS
                                 )
JUAN ANGEL AGUIRRE,              )
                                 )
   Defendant.                    ) MARCH 17, 2019
```

*********************************************
TRANSCRIPT OF REARRAIGNMENT AND PLEA HEARING
BEFORE THE HONORABLE ANDREW AUSTIN
*********************************************

```
FOR THE PLAINTIFF:    MATT HARDING
                      UNITED STATES ATTORNEY'S OFFICE
                      903 SAN JACINTO BOULEVARD, SUITE 334
                      AUSTIN, TEXAS 78701

FOR THE DEFENDANT:    ALFONSO CABANAS, JR.
                      CABANAS LAW FIRM, PLLC
                      4500 SOUTH FLORES, SUITE 104
                      SAN ANTONIO, TEXAS 78214

INTERPRETER:          PETER HEIDE

TRANSCRIBER:          ARLINDA RODRIGUEZ, CSR
                      501 WEST 5TH STREET, SUITE 4152
                      AUSTIN, TEXAS 78701
                      (512) 391-8791
```

Proceedings recorded by electronic sound recording, transcript produced by computer.

(Proceedings began at 2:22 p.m.)

THE CLERK: The Court calls the following case for a guilty plea: 19-CR-130, *United States v. Juan Angel Aguirre*.

MR. HARDING: Good afternoon, Your Honor. Matt Harding for the United States.

THE COURT: Good afternoon.

MR. CABANAS: Good afternoon, Judge. Alfonso Cabanas for the defendant, Juan Aguirre, who is in custody at the Bastrop County Jail.

THE COURT: Thank you. Good afternoon.

Mr. Aguirre, we're here for a guilty plea this afternoon. As you can see, we're conducting this plea via video conference. You've got a right to have this -- this plea -- or this proceeding take place in person in the courthouse. Is that something that you and Mr. Cabanas have had a chance to discuss?

THE DEFENDANT: Yes.

THE COURT: And do you agree that we can conduct the -- the hearing today by video?

THE DEFENDANT: Yes. That's fine.

THE COURT: Thank you. I appreciate that. Now, as I said, we're here for a guilty plea. Before I take your plea, there's a number of rights I need to advise you of. As I go through all of this, if you have any questions about anything, don't hesitate to ask those questions. Okay?

1  THE DEFENDANT: That's fine.

2  THE COURT: And if you need to talk to Mr. Cabanas at
3 any point, that's also fine. Just let me know that you need to
4 do that, and we'll take a break so the two of you can speak
5 privately. Do you understand all of that?

6  THE DEFENDANT: That's fine.

7  THE COURT: If you could please raise your right hand
8 to be sworn at this time.

9  (Defendant sworn)

10  THE COURT: Could you please state your full name.

11  THE DEFENDANT: Juan Angel Aguirre.

12  THE COURT: Now, as I said, Mr. Aguirre, you're here
13 for a guilty plea. The first right I need to cover with you is
14 that you have the right to have this proceeding, this guilty
15 plea proceeding, take place in front of the district judge
16 that's been assigned to your case. In your case that's
17 Judge Yeakel. He is the judge who has your case on his docket.
18 He would be the judge that, if you were going to go to trial,
19 would preside over your trial. And he's also the judge that,
20 if you do plead guilty here today, that will sentence you.

21  Now, although you have the right to have Judge Yeakel
22 hear your plea, you can also agree to allow a magistrate judge
23 like myself to hear your plea. Is that something that you and
24 Mr. Cabanas have discussed?

25  THE DEFENDANT: Yes. I did talk about that.

<277>

```
 1              THE COURT:  Then do you agree to allow me to hear
 2   your plea today instead of Judge Yeakel?
 3              THE DEFENDANT:  Yes.  That's fine.
 4              THE COURT:  Mr. Cabanas, have you had a sufficient
 5   amount of time to meet with Mr. Aguirre and to discuss his case
 6   with him?
 7              MR. CABANAS:  Yes, I have, Your Honor.
 8              THE COURT:  Have you discussed with Mr. Aguirre any
 9   defenses that he might have to the charges against him?
10              MR. CABANAS:  I sure have, Judge.
11              THE COURT:  And have you discussed with Mr. Aguirre
12   his right to a jury trial and the other rights that go with
13   that?
14              MR. CABANAS:  Yes, Your Honor.  Very lengthy
15   discussions regarding those rights.
16              THE COURT:  Do you believe Mr. Aguirre has a rational
17   as well as a factual understanding of the proceedings against
18   him?
19              MR. CABANAS:  I believe he does, Your Honor.
20              THE COURT:  And do you have any doubt as to
21   Mr. Aguirre's competence to make a plea today?
22              MR. CABANAS:  No doubt at all, Judge.  I believe he's
23   competent.
24              THE COURT:  Thank you.  Mr. Aguirre, have you ever
25   suffered any kind of an injury or medical condition or anything
```

```
 1  else that would prevent you from understanding these
 2  proceedings today?
 3              THE DEFENDANT:  No.
 4              THE COURT:  And are you taking any medications today
 5  or anything else that would affect your judgment or
 6  understanding of things?
 7              THE DEFENDANT:  I don't think so, because I am only
 8  taking high blood pressure medication.
 9              THE COURT:  Okay.  Now, have you had enough time to
10  meet with Mr. Cabanas and discuss your case with him?
11              THE DEFENDANT:  Yes.
12              THE COURT:  And have you spoken with Mr. Cabanas
13  about anything that you think it would be important that he
14  should know about either you or your case so that he can do a
15  good job representing you?
16              THE DEFENDANT:  Yes.  We've talked a lot about those
17  things.
18              THE COURT:  And are you satisfied with Mr. Cabanas's
19  representation of you?
20              THE DEFENDANT:  Yes.  All is good.
21              THE COURT:  Thank you.  Now, we're proceeding with
22  a -- a plea here today based on a plea agreement.  Among other
23  things, that agreement calls for you to make a plea to a charge
24  that is set out in a document that's called an information.  An
25  information is just a written document that's been prepared by
```

1  the prosecutor.  It charges a crime, and it's been filed with
2  the court.
3           The other type of charging document, which is what --
4  what was in place in your case before that information, is
5  called an indictment.  That's also a written document prepared
6  by the prosecutor, charging a crime.
7           The difference is, though, when -- when there's been
8  an indictment, is that the government has presented that charge
9  and evidence to support it to a grand jury.  And the grand jury
10 has reviewed the evidence and has found that there's probable
11 cause to believe that that crime took place.  And so then it's
12 returned an indictment.
13          Now, under the U.S. Constitution, because the charge
14 in the information is a felony, you have a right to require the
15 government to present that charge to a grand jury first before
16 you have to make a plea to it.  In your plea agreement you're
17 agreeing to waive that right and move forward with that.
18          Do you understand you have the right to have this
19 charge presented to a grand jury?
20          THE DEFENDANT:  Yes.
21          THE COURT:  And have you spoken to your attorney
22 about that as well?
23          THE DEFENDANT:  Yes.
24          THE COURT:  And do you agree to give up that right
25 and move forward today and make a plea to the charge in the

1 information?

2     THE DEFENDANT:  Yes.  We agree.

3     THE COURT:  Thank you.  Now, your plea agreement

4 itself has been reduced to writing, you've signed it,

5 Mr. Cabanas has signed it, and the government's counsel has

6 signed it.  Before you signed your plea agreement, did you --

7 did you have that translated for you?

8     THE DEFENDANT:  Yes.  The attorney read it to me and

9 explained what each thing meant.

10    THE COURT:  Excellent. Okay.  Do you feel like you

11 understand your plea agreement?

12    THE DEFENDANT:  Yes.

13    THE COURT:  And do you agree to it?

14    THE DEFENDANT:  Yes.

15    THE COURT:  Mr. Harding, if you could just briefly

16 summarize the primary terms of that agreement.

17    MR. HARDING:  Yes, Your Honor.  The plea agreement

18 contemplates, as the Court has already said, that Mr. Aguirre

19 will enter a plea to count one of the superseding information

20 in this case, which carries a punishment range from zero years

21 to 20 years in prison.  There are no sentencing agreements

22 beyond the fact the government does agree to recommend that

23 Mr. Aguirre receive full credit for acceptance of

24 responsibility, provided he doesn't do anything in the mean

25 time to jeopardize that.  And be -- beyond that, Judge, it's a

```
 1  standard form plea agreement for the Austin Division of the
 2  Western District of Texas.
 3           THE COURT:  Thank you.  Mr. Aguirre, you understood
 4  all of that?
 5           THE DEFENDANT:  Yes.
 6           THE COURT:  Now, there is one thing I need to cover
 7  with you with regard to your plea agreement, and that is
 8  there's a provision in your agreement that calls for you to
 9  waive your right to appeal or to challenge your conviction or
10  your sentence.  By that provision, if your plea agreement is
11  accepted, then you will have given up your right to either file
12  a direct appeal or a separate proceeding, a *habeas* proceeding,
13  attacking either the conviction or the sentence that's imposed.
14           The only exception to that would be that if you are
15  contending that your conviction or your sentence was the result
16  of ineffective assistance by your attorney or misconduct by the
17  prosecutor.  Then you've always got the right to raise that
18  issue either in a direct appeal or in a separate proceeding.
19           Other than that, though, if your plea is accepted,
20  you won't have the right to do anything to challenge legally
21  your conviction or your sentence.  Do you understand that?
22           THE DEFENDANT:  Yes.
23           THE COURT:  And is that something that you and
24  Mr. Cabanas discussed before you agreed to it?
25           THE DEFENDANT:  Yes.
```

 1       THE COURT:  Now, Judge Yeakel is not required to
 2  accept your entire plea agreement, and he could reject the plea
 3  agreement.  But if he rejected the plea agreement, he would
 4  notify you of that fact in open court, and then you would have
 5  the right at that time to withdraw from your plea of guilty.
 6  Do you understand that?
 7       THE DEFENDANT:  Yes.
 8       THE COURT:  Now, have you discussed with Mr. Cabanas
 9  the charge that you're here to make a plea to?
10       THE DEFENDANT:  Yes.
11       THE COURT:  The charge is conspiracy to possess with
12  the intent to distribute cocaine, in violation of Title 21 of
13  the U.S. Code, Section 846.  That statute calls for a maximum
14  punishment of 20 years of imprisonment.  There's no minimum
15  sentence that's required.  The term of supervised release, the
16  maximum permitted is three years -- I'm sorry, at least three
17  years.  The maximum fine allowed would be $1 million, and then
18  there's also a $100 special assessment that would be imposed as
19  well.
20       Do you understand that charge and the maximum
21  punishment allowed?
22       THE DEFENDANT:  Yes.
23       THE COURT:  Now, in deciding what sentence to impose
24  in your case, Judge Yeakel will consider not only those
25  provisions that I just summarized of the statute that you're

1  pleading guilty to, but he'll also consider the terms of the
2  general federal sentencing statute.  That's the statute that
3  created the sentencing guidelines.
4             Now, those guidelines are advisory only.  So what
5  they will mean is that Judge Yeakel will go through the
6  guideline calculations for your case, and from those
7  calculations he'll arrive at a range of punishment that's
8  recommended by the guidelines.  And he'll take that recommended
9  range into account in deciding what sentence to impose.
10            But he'll also consider the other factors that are
11 set out in the general sentencing statute.  Those factors are
12 the nature and the circumstances of your crime, your own
13 individual history and characteristics, how serious the crime
14 was, promoting respect for the law, providing just punishment,
15 protecting the public from crime, providing deterrence to
16 crime, providing you with any educational or vocational
17 training or medical treatment you may need, and, finally, he'll
18 consider the need to avoid unwarranted differences in the
19 sentences of people who were sentenced for the same sort of
20 conduct.
21            So, while Judge Yeakel will consider your guideline
22 range, he'll also consider all of those other factors.  And
23 then after he considers all of that, he has to power to
24 sentence you anywhere from the minimum to the maximum that the
25 statute you're pleading guilty to allows.  And, as I mentioned

ARLINDA L. RODRIGUEZ, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

1  a moment ago, your ability to appeal your sentence is limited
2  by your plea agreement.
3      Now, have you had an opportunity to discuss with
4  Mr. Cabanas the -- all of those sentencing provisions and how
5  that might impact your own sentence?
6      THE DEFENDANT: Yes.
7      THE COURT: Do you have any questions about
8  sentencing that you'd like to ask me today before you make a
9  plea?
10     THE DEFENDANT: No. I don't have any questions.
11     THE COURT: Now, you should understand that the
12 sentence that's imposed here in this case could be ordered to
13 run consecutive to, or to be served after you finish serving
14 any other sentence for any other case. So if you've got any
15 other prior convictions, for example, where you haven't
16 completed the sentence -- if you're on parole or probation for
17 another case or if you've got a separate charge pending
18 different from this one -- then the sentence in this case could
19 be ordered to run consecutive to or to be served after you
20 finish serving the sentence in any other case. Do you
21 understand that?
22     THE DEFENDANT: Yes.
23     THE COURT: And there is no parole under federal law.
24 So if you're sentenced to any confinement, then that's the
25 amount of time you have to finish, although you can earn credit

```
 1  for good time while you're in custody.  Do you understand that?
 2          THE DEFENDANT:  Yes, I do understand.
 3          THE COURT:  Now, are you a U.S. citizen or lawful
 4  resident alien?
 5          THE DEFENDANT:  No.  I am a citizen of the United
 6  States.
 7          THE COURT:  Okay.  Now, your sentence will also
 8  include a term of supervised release.  That's a period of
 9  supervision that you've got to complete after any imprisonment.
10  And while you're on supervision, there will be a number of
11  conditions that will be set by Judge Yeakel and then supervised
12  by the probation office that you'll have to follow.
13          If during that period of supervision you were to
14  violate any of those conditions, then that term of supervised
15  release could be revoked and you could be sentenced to serve an
16  additional period of imprisonment.
17          In addition, if you were revoked, you would not
18  receive any credit toward any additional sentence imposed for
19  any of the time you've already spent on supervised release
20  before revocation happens.
21          Do you understand all of that?
22          THE DEFENDANT:  Yes.
23          THE COURT:  Now, do you understand you have the right
24  to plead not guilty to this charge?
25          THE DEFENDANT:  Yes.
```

ARLINDA L. RODRIGUEZ, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

THE COURT: If you made a plea of not guilty, then you'd be entitled to have a jury trial on the charge, and at all stages of those proceedings you're entitled to be represented by an attorney. At trial you're presumed innocent, and the government has to prove your guilt to the jury beyond a reasonable doubt. The jury's verdict at a trial has to be unanimous as well. You don't ever have to prove your own innocence at trial.

At trial you've got the right to cross-examine any of the witnesses that the government calls. You also have the right at trial to present evidence on your side of the case, including having the right to subpoena witnesses to require them to come to court and testify.

Now, although your side of the case could include your own testimony, importantly, you have the right at a trial not to testify, and the government can't require that you testify at trial. So if you decided to go to trial and then at your trial to remain silent and not testify, then Judge Yeakel would instruct the jury that it could not use the fact that you didn't testify in any way against you in deciding whether or not you were guilty of the charge.

Now, if you plead guilty today, you're waiving your right to that trial and all those other rights. And if Judge Yeakel accepts your plea, then there won't be a trial. He'll enter a judgment of guilty based on your plea, and then

ARLINDA L. RODRIGUEZ, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

```
 1  he'll sentence you after he considers the presentence report.
 2              In addition, if you plead guilty today, then
 3  Judge Yeakel might ask you questions about your offense.  And
 4  if you answer those questions while you're under oath and in
 5  the presence of your attorney and your answers weren't
 6  truthful, then you could be prosecuted for either perjury or
 7  making false statements.  Do you understand all of this?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  Mr. Harding, if you could read the one
10  count of the information, please.
11              MR. HARDING:  Yes, Your Honor.  Count one of the
12  superseding information charges that beginning in or about
13  December 2016, and continuing until on or about February 3rd,
14  2019, in the Western District of Texas and elsewhere, that
15  Mr. Aguirre knowingly, intentionally, and unlawfully combined
16  conspired, confederated, and agreed together with others, known
17  and unknown, to possess with intent to distribute a mixture and
18  substance containing a detectable amount of cocaine, a
19  controlled substance, contrary to federal law.
20              THE COURT:  Mr. Aguirre, do you understand that
21  charge?
22              THE DEFENDANT:  Yes.
23              THE COURT:  And how do you wish to plead to that
24  charge: guilty or not guilty?
25              THE DEFENDANT:  Guilty.
```

1         THE COURT: Are you making your plea of guilty freely
2 and voluntarily?
3         THE DEFENDANT: Yes.
4         THE COURT: And are you pleading guilty to this
5 charge because you are guilty and for no other reason?
6         THE DEFENDANT: I am guilty.
7         THE COURT: Has anyone forced you or threatened you
8 in any way to make you plead guilty?
9         THE DEFENDANT: No.
10         THE COURT: And other than your plea agreement, has
11 anyone made any promises to you that have caused you to plead
12 guilty?
13         THE DEFENDANT: No.
14         THE COURT: And, finally, has anyone promised you
15 anything about what your sentence will be?
16         THE DEFENDANT: No.
17         THE COURT: Now, in the written plea agreement
18 there's a section of the agreement that sets out the facts that
19 the government contends support this charge. You've signed
20 that agreement indicating that the -- that you accept those
21 facts. First, did you have that section of the plea agreement
22 translated for you by Mr. Cabanas?
23         THE DEFENDANT: Yes.
24         THE COURT: And you've discussed those facts with him
25 as well?

1  THE DEFENDANT: Yes. We did have a conversation
2  about all that.
3  THE COURT: Are the facts that are in the plea
4  agreement, are those correct as far as what happened in your
5  case and what you did?
6  THE DEFENDANT: Yes.
7  THE COURT: I find, then, that Mr. Aguirre's plea of
8  guilty is freely and voluntarily made; that Mr. Aguirre
9  understands this charge and the potential penalties for it; and
10  he understands his right to a jury trial on the charge and the
11  other rights that go with that, and he desires to waive those
12  rights and make a plea of guilty; Mr. Aguirre's competent to
13  make a guilty plea; he's satisfied with his attorney's
14  representation; and there is a factual basis to support the
15  plea.
16  Mr. Aguirre, I will recommend to Judge Yeakel that
17  your plea of guilty be accepted. Your case will now get
18  referred to the probation office. They'll prepare a
19  presentence report, and when that's finished, you'll get a copy
20  of it through Mr. Cabanas. And then the two of you will have
21  an opportunity to go over that report and raise any objections
22  or corrections that you need to raise.
23  If there are objections raised that you can't work
24  out between you and Mr. Cabanas on the one hand and Mr. Harding
25  and the probation office on the other hand, then Judge Yeakel

will resolve any of those disputes before he imposes a sentence.

Counsel, is there anything further the court needs to address in the case at this time?

MR. CABANAS: Nothing further from the defense, Your Honor.

MR. HARDING: Nothing from the Government, Judge.

THE COURT: Thank you. Mr. Harding, if you don't mind hanging on for a second, I have a completely unrelated matter to chat with you about, if you have a second.

MR. HARDING: Sure.

THE COURT: Other than that, then, counsel, you may be excused. Mr. Aguirre, good luck to you, sir.

MR. CABANAS: Thank you, Judge.

(Proceedings concluded at 2:43 p.m.)

**REPORTER'S CERTIFICATE**

I, Arlinda Rodriguez, do hereby certify that the foregoing was transcribed from an electronic recording made at the time of the aforesaid proceedings and is a correct transcript, to the best of my ability, made from the proceedings in the above-entitled matter, and that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

/S/ Arlinda Rodriguez                July 25, 2023
ARLINDA RODRIGUEZ                    DATE