United States District Court
Western District of Texas
Austin Division

Juan Angel Aguirre,
    Movant,

    v.

United States of America,
    Respondent.

NO. 1:19-CR-130-DII-SH
1:23-CV-667-DII-SH

**Government's Response in Opposition to
Motion to Vacate, Set Aside, or Correct Sentence**

The government opposes Juan Angel Aguirre's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [ECF No. 998] ("the Motion"), which primarily asserts that Aguirre's counsel provided ineffective assistance in violation of his Sixth Amendment rights.[1] Aguirre's motion should be dismissed without an evidentiary hearing because it is untimely, having been filed over one year since his judgement became final, and alternatively, denied because his claims are either unsupported or contradicted by the record.

**Procedural History**

In June 2019, Defendant Juan Angel Aguirre was charged by Indictment with Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Heroin, 1 Kilogram or More of Cocaine, and Methamphetamine, a charge carrying a mandatory minimum 10-year sentence. Presentence Investigation Report [ECF No. 870] ["PSR"] ¶ 1; 21 U.S.C. § 841(b)(1)(A). Pursuant to a plea agreement, Aguirre pled guilty to a Superseding Information which charged him with Conspiracy to Possess with Intent to Distribute Cocaine, a charge carrying no mandatory minimum

---

[1] Aguirre's motion is difficult to decipher in terms of both the claims he raises and the relief he seeks. This response represents the Government's good-faith effort to respond to Aguirre's reasonably identifiable claims.

1

sentence. PSR ¶¶ 2, 114. The Probation Officer found Aguirre responsible for approximately 26,000 kilograms of converted drug weight, resulting in a base offense level of 34. PSR ¶ 79. The Probation Officer added 2 points for Aguirre's maintenance of a premises for the purpose of manufacturing or distributing a controlled substance, and 4 points for Aguirre's role as a leader/organizer of the conspiracy. *Id.* ¶¶ 81–82. The Probation Officer subtracted a total of 3 levels for Aguirre's acceptance of responsibility, resulting in a total offense level of 37. *Id.* ¶¶ 86–87.[2] Aguirre's recommended guideline range was 235-293 months reduced to 235-240 months based on the statutory maximum. *Id.* ¶ 115.

Aguirre objected to both the 2-point increase for maintenance of a stash house and the 4-point leader/organizer increase. Sentencing Transcript at 4–6. He argued that his role was limited to that of a manager or supervisor and therefore should only receive an increase of 3 points. *Id.* at 4–5.  Aguirre also argued that he did not maintain nor control any premises that would warrant the stash house increase. *Id.* at 5–6.  At sentencing, Judge Yeakel overruled both objections. *Id.* at 27.

Judge Yeakel sentenced Aguirre to 235 months of imprisonment on June 23, 2021. Judgment [ECF No. 877] at 2. Aguirre did not appeal. Aguirre filed his present motion almost two years later, on June 9, 2023. Motion at 1.

**Arguments and Authorities**

I.      **Aguirre's motion should be dismissed because it is time barred.**

A one-year period of limitations applies to motions under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year period begins on one of the following four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion

---

[2] The Probation Officer found Aguirre to have a criminal history category of II, based on a 2009 conviction of possession of a controlled substance with intent to deliver and a misdemeanor sexual assault in 2010. PSR ¶¶ 91–94.

created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Aguirre does not claim that there was any impediment to him filing the Motion, that the Supreme Court has recognized a new right, or that the Motion was based on newly discovered facts. Therefore, the one-year period began on the date on which Aguirre's judgment became final.

Aguirre did not appeal his sentence; therefore, his judgment became final 14 days after it was entered—here, June 23, 2021. FED. R. APP. P. 4(b)(1)(A)(i); Judgment at 2. Aguirre filed his § 2255 motion on June 9, 2023, nearly two years after this date. Motion at 1. Because Aguirre's motion was filed well past the one-year deadline, the motion should be dismissed with prejudice.

## II.    Alternatively, the Motion should be denied for its failure to prove ineffective assistance of counsel.

The Supreme "Court has recognized 'the right to counsel is the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)). To prove that counsel's assistance was ineffective, Aguirre must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance of counsel prejudiced Aguirre. *Id*. at 687–88.

Aguirre "bears the burden of showing by a preponderance of evidence that he was deprived of the right to effective counsel." *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). The Court of Appeals reviews a district court's findings of fact in a § 2255 motion for clear error. *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995).

A hearing on a motion is not required if "the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). Additionally, a hearing is not required for "patently frivolous claims or those which are based upon unsupported generalizations." *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979). The Court of Appeals reviews a district court's finding that a hearing is not necessary for abuse of discretion. *Samuels*, 59 F.3d at 530.

Although they are difficult to discern, Aguirre's claims of ineffective assistance of counsel can be generally grouped into three categories: (1) that Aguirre received inadequate legal advice, (2) that Aguirre did not understand his plea agreement, and (3) that his counsel failed to object on multiple occasions. Because Aguirre has failed in all three categories to meet the two-prong test enunciated in *Strickland* by a preponderance of the evidence, the Motion should be denied.

     **a.  The Motion should be denied because counsel's legal advice to Aguirre was not deficient and did not prejudice Aguirre.**

Aguirre claims that he did not receive adequate legal advice from his attorney. Motion at 4. However, the record shows that Aguirre confirmed on multiple occasions that he was satisfied with his representation. First, Aguirre's plea agreement—which Aguirre acknowledged he discussed with his attorney, understood, and agreed with, *see* Plea Transcript at 7—states: "Defendant has had sufficient time to discuss the case with Defendant's attorney, and is satisfied with the advice given by counsel." Plea Agreement at 6. Additionally, Aguirre was asked during his plea hearing if he was satisfied with his counsel's representation, to which he replied, "Yes. All is good." Plea Transcript at 5. Finally, Aguirre raised no complaints at sentencing regarding the effectiveness of his counsel. Aguirre's claim that his attorney provided deficient advice is not supported by the contemporaneous record evidence; in fact, the first time Aguirre claimed he was not satisfied with his representation was in the Motion, which was filed almost two years after he

was sentenced. Motion at 1. Aguirre presents no evidence that shows that his attorney's counsel fell below an objective standard of reasonableness or prejudiced him. *Strickland*, 466 U.S. at 687–88.

Aguirre also argues that his attorney was deficient for failing to advise him of the 120-month mandatory minimum he was facing. Motion at 4. However, although Aguirre was facing such a mandatory minimum sentence under his original Indictment, he faced no mandatory minimum for the charge to which he pled. Plea Transcript at 9. Because Aguirre's counsel could not reasonably advise him of an inapplicable mandatory minimum, counsel's advice did not fall below an objective standard of reasonableness or prejudice Aguirre. *Strickland*, 466 U.S. at 687–88. This claim should be denied.

> **b. The Motion should be denied because Aguirre's complaints regarding his understanding of the plea agreement are refuted by the record.**

Aguirre also makes several complaints regarding his understanding of the plea agreement, all for the first time in this Motion. Aguirre contends that there was never an "objective offer" a guilty plea with the Federal government and that he was "deceived" by his attorney into signing a one-sheet plea. Motion at 4. This claim is flatly refuted by the record, including Aguirre's eight-page signed plea agreement. Plea Agreement at 1–8. Aguirre also argues that he was never presented with his plea agreement in Spanish, his only language, therefore he did not understand it. Motion at 4–5. However, at his plea hearing, Aguirre admits that the attorney had translated the plea agreement and "explained what each thing meant"—contradicting his related claim that he saw only one page of the plea agreement. Plea Transcript at 7, Motion at 4. Aguirre also confirmed during his plea hearing that his attorney had translated the factual basis in the plea agreement and that they had discussed it. Plea Transcript at 15–16. When asked if he understood his plea agreement, Aguirre confirmed he understood it. Plea Transcript at 7. In this Motion, filed almost

two years after his sentencing, Aguirre claims for the first time that he did not understand the plea agreement. Motion at 4–5. The record clearly refutes Aguirre's claim that his attorney's conduct was deficient or that it prejudiced him. *Strickland*, 466 U.S. at 687–88. Because Aguirre's claims are refuted by the record and show that he is not entitled to relief, an evidentiary hearing is not required, *Wright*, 624 F.2d at 558, and the Motion should be denied.

### c. The Motion should be denied because counsel's alleged failures to object did not fall below an objective standard of reasonableness or prejudice Aguirre.

Aguirre makes several claims regarding alleged failures by his attorney to object. First, he claims that fictitious evidence was used against him. Motion at 4. Presumably, Aguirre is arguing that his attorney should have objected to this unidentified evidence, but Aguirre has failed even to allege, much less prove, that any specific item of evidence was improperly admitted or that its admission prejudiced him. Because Aguirre provides neither specific allegations nor evidence in support this claim, it fails to meet the *Strickland* test for ineffective assistance of counsel. *Strickland*, 466 U.S. at 687–88; *Clark*, 227 F.3d at 284.

Second, Aguirre contends that his travel between the United States and Mexico was misused and erroneously interpreted, and this should have been objected to by his attorney.[3] Motion at 6–7. However, the PSR itself acknowledged that Aguirre visited his common law wife and young son in Mexico every month. PSR ¶ 102. But this was not the only purpose of Aguirre's travel: At sentencing, a DEA Task Force Officer (TFO) testified that Aguirre's travel between the United States and Mexico were related to his role as a leader in the drug conspiracy. Sentencing

---

[3] Aguirre argues that no one considered that the mother of his youngest child and his young son live in Luvianos, Mexico. Motion at 6. Additionally, he notes that in 2019 both his grandmother and his brother passed away in Luvianos. *Id.* According to Aguirre, these circumstances explain his frequent travel between the United States and Mexico and were not properly objected to by his counsel. *Id.* at 6–7.

Transcript at 8. The agent testified that when Aguirre traveled to Mexico, he left another person in command back in the United States *Id.* Also, while in Mexico, Aguirre coordinated the receipt and delivery of vehicles containing narcotics. *Id.* In overruling the leader/organizer objection, Judge Yeakel explained that he was persuaded of Aguirre's leadership role in part because of Aguirre's "coordination with the Mexican end of the operations of this drug trafficking organization, his travel to Mexico, the extent of the way the organization operated while he was in Mexico as well as outside of Mexico and back in the United States." *Id.* at 26. Failing to object is not ineffective assistance of counsel when the objection would have been futile. *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997). Objecting to the use of Aguirre's travel, while it was clearly linked to his criminal activity, would have been futile, and therefore, defense counsel was not required to object. Because objecting would be futile, counsel's decision to not did not fall below an objective standard of reasonableness or prejudice Aguirre. *Strickland*, 466 U.S. at 687–88. Additionally, Aguirre has failed to prove that Judge Yeakel would have imposed a different sentence if Aguirre's lawyer had objected; indeed, the record in this case, including Judge Yeakel's explicit finding that the TFO's testimony was credible, *see* Sentencing Transcript at 25, refutes Aguirre's claim.

Third, Aguirre argues that in 2019, $300,000 was illegally seized from a Mercedes-Benz—a vehicle in which he was neither a driver nor a passenger. Motion at 7; PSR ¶ 47. Presumably, Aguirre's claim is that his attorney should have objected to this, but that is not clear from the Motion. In any event, this claim was doomed to fail for at least two reasons: (1) Aguirre lacked standing to challenge the search of a vehicle, *see Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978), and (2) Even if this was an unconstitutional search and seizure, the exclusionary rule does not apply at sentencing. *See United States v. Butler*, 680 F.2d 1055, 1056 (5th Cir. 1982) ("The

sentencing judge may consider evidence inadmissible at trial").[4] Given the legally frivolous nature of Aguirre's claim, he has failed to establish either deficient performance by his attorney or resulting prejudice. *Strickland*, 466 U.S. at 687–88.

Lastly, Aguirre argues that evidence was "illegally manipulated and implemented by the Government."[5] Again, the Government is presuming that Aguirre believes his attorney should have objected to this and failed to do so, but it is unclear from the Motion. Motion at 8. This claim is unsupported by evidence and does not overcome the strong presumption that his attorney rendered adequate assistance. *Strickland*, 466 U.S. 668 at 690. Without specificity, this claim of ineffective assistance of counsel fails. *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007). Because Aguirre has failed to sufficiently allege or prove any of his claims regarding his counsel's failure to object, his claims fail under *Strickland;* accordingly, his claims should be denied without an evidentiary hearing. *Strickland*, 466 U.S. at 687–88; *Wright*, 624 F.2d at 558.

---

[4] This claim is also procedurally defaulted because it is a constitutional issue that could have been, but was not, raised on appeal. *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) ("a defendant who raises a constitutional . . . issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to such errors."). Aguirre has shown neither cause nor prejudice in relation to this claim.

[5] If Aguirre intended this to be a claim of prosecutorial misconduct, it would fail. Aguirre's claim is a "mere conclusory allegation on a critical issue," because he has provided no details to support it. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Conclusory allegations are insufficient to raise a constitutional issue warranting relief under Section 2255. *Id.* If he does not intend for this claim to be prosecutorial misconduct or ineffective assistance of counsel, then it is waived by his plea agreement. Plea Agreement at 5. Finally, this claim cannot be raised for the first time in a § 2255 because it could have been raised on direct appeal and was not. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (Relief under § 2255 is for constitutional transgressions that could not have been raised on direct appeal.).

**III.**      **Aguirre's attorney was effective and the weight of evidence against Aguirre was overwhelming.**

In his motion, Aguirre argues that his attorney was ineffective in various ways. However, the record supports the opposite: Aguirre's attorney not only provided effective representation and properly objected when reasonable, Sentencing Transcript at 4–6, but also saved him from a 10-year mandatory minimum sentence, PSR ¶¶ 1–2, 114; 21 U.S.C. § 841(b). His attorney also saved him from a Guidelines range above 240 months and the possibility of life in prison. PSR ¶ 115; 21 U.S.C. § 841(b)(1)(A). Despite Aguirre's unsupported complaints about his attorney, the record shows that Aguirre benefitted greatly from his counsel's advocacy on his behalf.

Aguirre's lawyer's performance was even more impressive considering the overwhelming evidence of Aguirre's guilt. The investigation into Aguirre's criminal conduct involved Title III wire and electronic interceptions, physical surveillance, pole cameras, pings, seizures, controlled buys, and statements from confidential sources and cooperating defendants. PSR ¶ 6. Intercepted calls revealed that Aguirre was involved in the distribution of multi-kilogram quantities of cocaine and other controlled substances. Plea Agreement at 2–3. Aguirre was a leader of this conspiracy, having been intercepted on 852 drug-related calls and text messages. PSR ¶ 70. Ultimately, Aguirre's significant sentence is the result of his own choices, not his attorney's alleged deficiencies.

**Conclusion**

The Motion should be dismissed without an evidentiary hearing because his claims are time barred. Alternatively, the Motion should be denied without an evidentiary hearing because Aguirre's claims are all unsupported or contradicted by the record.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By:    /s/ *Douglas Gardner*
Douglas Gardner
Assistant United States Attorney
Texas Bar No. 24007223
903 San Jacinto Blvd. Ste 334
Austin, TX 78701
512-916-5858
512-916-5854 (fax)
Douglas.Gardner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2023, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System. I also hereby certify that a true and correct copy of the foregoing instrument was mailed via U.S. Postal Service, certified mail, Return Receipt Requested to the following non-CM/ECF participant:

Juan Angel Aguirre
40924-480
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave
Big Spring, TX 79720

/s/ *Douglas W. Gardner*
Douglas W. Gardner
Assistant United States Attorney

United States District Court
Western District of Texas
Austin Division

Juan Angel Aguirre,
    Movant,

    v.

United States of America,
    Respondent.

NO. 1:19-CR-130-DII-SH
1:23-CV-667-DII-SH

## Order

    Came on to be considered Juan Angel Aguirre's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United States Code, Section 2255, and the Court, having considered said motion and the response of the United States, hereby

    ORDERS that Movant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED for substantially the reasons stated in the Government's response.

SIGNED on this the _____ day of _____ 2023.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE