**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUAN ANGEL AGUIRRE** | § | |
| | § | **1:23-CV-00667-RP-SH** |
| v. | § | **1:19-CR-00130-RP-1** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN**
        **UNITED STATES DISTRICT JUDGE**

Before the Court are Juan Angel Aguirre's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed June 9, 2023 (Dkt. 998); the Government's Response in Opposition, filed August 9, 2023 (Dkt. 1002); and Aguirre's Reply, filed September 18, 2023 (Dkt. 1005). The District Court referred the motion to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for the Honorable Robert Pitman.

## I.   Background

On June 18, 2019, Movant Juan Angel Aguirre and 24 other defendants were indicted for conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, more than one kilogram of heroin, and methamphetamines, in violation of 21 U.S.C. § 846. Dkt. 3. On March 17, 2021, Movant pled guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Dkt. 849. On June 23, 2021, the District Court sentenced Movant to a 235-month term of imprisonment, a three-year term of supervised release, and a $100 special assessment fee. Judgment and Commitment, Dkt. 877.

Movant did not file a direct appeal of his conviction and sentence. He filed this motion to vacate his sentence under 28 U.S.C. § 2255 on June 9, 2023, arguing that his conviction should be overturned because he received ineffective assistance of counsel, the District Court erred in determining his sentence, and his sentence was based on evidence obtained from an unconstitutional search and seizure in violation of his Fourth Amendment rights. Dkt. 998.

## II.   Analysis

28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period is not jurisdictional and may be equitably tolled in "rare and exceptional circumstances." *United States v. Cardenas*, 13 F.4th 380, 382 (5th Cir. 2021) (citation omitted).

Here, as in most cases, the statute of limitations period began to run on "the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting § 2255(f)(1)). Movant does not assert that any of the other limitations periods apply.

The Court entered judgment on June 23, 2021. Dkt. 877. Movant did not file a direct appeal. "When a defendant does not file a direct appeal, his conviction becomes final on the day when the

time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Movant's conviction thus became final on July 7, 2021, fourteen days after entry of judgment. FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed . . . ."); *United States v. Duran*, 934 F.3d 407, 410 (5th Cir. 2019) (stating that defendant's conviction became final fourteen days after entry of judgment). The limitations period for seeking § 2255 relief began on that date, and Movant's § 2255 motion was due by July 7, 2022. *United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (calculating the one-year limitations period from the expiration of the time to file a notice of appeal). Because Movant did not file his § 2255 motion until June 9, 2023, it is untimely under § 2255(f)(1). *Id.*

Movant asserts no grounds for tolling. He acknowledges in his reply brief that his motion is untimely and states that he was "unknowing" of the required deadline. Dkt. 1005 at 2. He blames his "lack of legal knowledge and the poor representation by [his] attorney" for his failure to file a direct appeal and prevent his judgment from becoming final. *Id.* at 5. But "[i]neffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's *own* ignorance or mistake does not warrant equitable tolling." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.").

The Court cannot consider whether Movant's attorney was effective in determining whether to toll the statute of limitations, and his own ignorance of the deadline is not a basis for tolling. Movant provides no other reason to toll the statute of limitations and has not shown that rare and exceptional circumstances warrant tolling. His § 2255 motion is time-barred.

### III.     Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Juan Angel Aguirre's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 998) as time-barred under the one-year statute of limitations in 28 U.S.C. § 2255(f)(1).

### IV.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists could neither debate the dismissal of Movant's § 2255 motion on procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

4

*Id.* The Court recommends that a certificate of appealability not be issued.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 29, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE